In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00139-CV
IN RE COMMITMENT OF LONNIE KADE WELSH

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 15-01-00659-CV

## MEMORANDUM OPINION

This appeal arises from a post-judgment order in a civil commitment case, which ended when this Court affirmed the trial court's judgment in 2016. In its 2016 judgment, the trial court signed an order committing Lonnie Kade Welsh to treatment after the jury found in a civil commitment proceeding that Welsh is a sexually-violent predator. *See In re Commitment of Welsh*, No. 09-15-00498-CV, 2016 WL 4483165 (Tex. App.—Beaumont Aug. 25, 2016, pet. denied) (mem. op.). This appeal arose from a post-judgment motion Welsh filed in his civil commitment case in 2021. In the post-judgment motion, which Welsh filed in the trial court that

1

signed the order committing him to treatment, he asked the judge presiding over the trial court to recuse from all post-judgment proceedings, the proceeding that will decide whether Welsh should be released from treatment. The post-judgment proceedings are in the court where the Honorable Patty Maginnis is the presiding judge. After Judge Maginnis decided she would not voluntarily recuse, she referred Welsh's post-judgment motion to the Honorable Olen Underwood, the presiding judge of the second administrative judicial region. Judge Maginnis asked Judge Underwood to resolve Welsh's motion.

On April 5, 2021, after considering Welsh's motion, Judge Underwood denied it. In the order Judge Underwood signed denying the motion, he found Welsh failed to show that Judge Maginnis is recused or disqualified from conducting the proceedings in Welsh's case. On May 10, 2012, Welsh appealed from Judge Underwood's order.

On May 18, 2021, this court advised the parties, by letter, that the order Welsh appealed does not appear to be appealable. We asked the parties to respond to our jurisdictional inquiry by providing us with any rule or statute they claimed applicable to Welsh's appeal and explain how those provisions, if any, gave this Court jurisdiction to consider an appeal from an interlocutory ruling on a post-judgment motion to recuse.

Ten days later, Welsh responded. In his response, Welsh argues that his motion to recuse Judge Maginnis is "a phase of the post[-]trial commitment proceeding in its own right[.]" Welsh also claims that post-judgment civil commitment proceedings may lead to multiple judgments, each of which can be appealed. Yet Welsh did not cite any rules or statutes relevant to our jurisdictional inquiry. And he is not appealing from a judgment but instead from an interlocutory order that denied his motion to recuse. When the State responded to our request, it argued "[t]he SVP statute only grants the right to appeal the initial determination on whether a person is a sexually violent predator." The State concludes that neither the SVP statute, nor the Civil Practice and Remedies Code (which authorizes the appeal of some interlocutory orders), permits a party to appeal from an interlocutory ruling on a motion to recuse.

Previously, this Court explained that, while the trial court retains jurisdiction during the periods that a commitment judgment remains in effect, we lack appellate jurisdiction over interlocutory orders signed after the judgment in the civil-commitment case becomes final. *See In re Commitment of Bohannan*, No. 09-20-00260-CV, 2021 WL 1134307, at *1 (Tex. App.—Beaumont Mar. 25, 2021, no pet. h.) (mem. op.). Simply put, nothing in the SVP statute or the Civil Practice and Remedies Code (the statutes that give parties their rights of appeal) authorize a party to appeal from a post-judgment order, signed after the judgment committing

3

someone as a sexually-violent predator, became final. *See id*. Tex. Health & Safety Code Ann. § 841.001-.153 (SVP Statute); Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Appeal From Interlocutory Order).

We conclude the order from which Welsh appealed is not appealable. Since we lack jurisdiction over Welsh's appeal from an interlocutory order, post-judgment order, we dismiss his appeal for lack of jurisdiction.

APPEAL DISMISSED.

PER CURIAM

Submitted on June 23, 2021
Opinion Delivered June 24, 2021

Before Golemon, C.J., Kreger and Horton, JJ.